# In the United States Court of Federal Claims

No. 13-094 C

(E-Filed: April 8, 2014)

| | |
|---|---|
| DAVID R. SMITH, | ) |
|  | ) |
|  | ) RCFC 59(e); Motion to Alter or |
| Plaintiff, | ) Amend Judgment |
|  | ) |
| v. | ) |
|  | ) |
| THE UNITED STATES, | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

ORDER

On February 21, 2014, the undersigned issued an Order and Opinion denying plaintiff's motion for judgment on the administrative record, and granting defendant's motion for judgment on the administrative record. ECF No. 29. Judgment entered on February 25, 2014. ECF No. 30.

On March 12, 2014, plaintiff filed his Motion to Alter or Amend Judgment (Pl.'s Mot.) under RCFC 59(e).[1] ECF No. 31. At the court's request, defendant filed its response to plaintiff's motion on March 14, 2014 (Def.'s Resp.). ECF No. 33. Plaintiff's motion is ripe for decision. For the reasons fully discussed below, plaintiff's Motion to Alter or Amend Judgment is **DENIED**.

The court set out detailed facts relating to this litigation in its published Order and Opinion, Smith v. United States, No. 13-094C, 2014 WL 794192 (Fed. Cl. Feb. 21, 2014)

---

[1]   Procedure in this court is governed by the Rules of the United States Court of Federal Claims (RCFC). See RCFC 1. Plaintiff cited to Fed. R. Civ. P. 59(e) as his support for this motion. See Pl.'s Mot. 1, ECF No. 31. As Fed. R. Civ. P. 59(e) is identical to RCFC 59(e), the court interprets plaintiff's motion as being brought under RCFC 59(e).

(Feb. 21, 2014 Opinion).  Those facts will not be repeated herein.  Rather, only those facts necessary to address the single issue now before the court will be set forth.

I.      Plaintiff's Motion and Defendant's Response

Plaintiff brings this motion because the court did not consider his claim under Air National Guard Instruction (ANGI) 36-101 ¶ 7.5.[2]  See Pl.'s Mot. 1.  He requests that it do so now.  See id. at 2.  The cited ANGI is included below in its entirety.

> Training and Developmental Education (DE).  AGRs [Active Guard Reserves] will be afforded the same opportunity for enhancing their military knowledge and career as is presently available to all other ANG Airmen.  AGRs attend all service schools in AGR status.  Orders will indicate the fund citation for travel and per diem provided under the school quota authorization.

ANGI 36-101 ¶ 7.5.

Plaintiff states that in its Feb. 21, 2014 Opinion, the court "construed the administrative record (AR) to show that LTC Smith was separated from the AGR program on July 5, 2010, the day before he was placed on orders to attend the war college."  Pl.'s Mot. 1.  The portion of the Feb. 21, 2014 Opinion to which plaintiff appears to refer is excerpted below.

> Lt. Col. Smith was separated from the Active Guard Reserve on July 5, 2010.  See AR 23 ¶ 18 (indicating that member served on active duty in support of an AGR tour program according 32 USC 502(f) & ANGI 36-101 from 1–Feb–2002 to 5–July–2010); AR 23 ¶ 28 (noting separation due to completion of AGR military duty tour).  This separation occurred the day before Lt. Col. Smith began his tour of duty at the Naval War College, on July 6, 2010.  See 2010 Order ¶ 4. Thus, he was not a member of the Active Guard Reserve when he entered Title 10 active duty.

Smith, 2014 WL 794192, at *11.

Plaintiff asserts that ANGI 36-101 ¶ 7.5 "must be construed in a rational and sensible manner, and liberally in favor of those to whom the remedy is intended."  Pl.'s

---

[2]     Air National Guard Active Guard Reserve (AGR) Program, Air National Guard Instruction (ANGI) 36-101 (June 2010).  ECF No. 15-1.

2

Mot. 2.  Such a construction, according to plaintiff, would require the Tennessee ANG to acknowledge that Lt. Col. Smith was a member of the AGR during his Naval War College tour of duty, and that as a member of the AGR, "he simply could not be arbitrarily separated from service."  Id.

Defendant provided a thorough, well-reasoned response, in which it argues first, that plaintiff has not shown that he satisfies any of the extraordinary circumstances in which a court will grant reconsideration, see Def.'s Resp. 2-3, and that in any event, ANGI 36-101 ¶ 7.5 is unavailable to Lt. Col. Smith, as the administrative record shows that he was not a member of the AGR while attending the Naval War College, see id. at 3-4.  Defendant is correct as to both arguments.

II.     Legal Standard

A Rule 59(e) motion may be granted if:

> (1) the motion is necessary to correct manifest errors of law or fact upon which the appealable order is based; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change of law.

Aevoe Corp. v. AE Tech Co., Ltd., 727 F.3d 1375, 1378-79 (Fed. Cir. 2013) (applying Ninth Circuit law[3]); see also Wolfchild v. United States, 101 Fed. Cl. 92, 95-96 (2011) (same).

A motion to alter or amend judgment is not, however, a vehicle for a disappointed litigant to offer a new argument in the hopes of receiving a different result.  "'[A]n argument made for the first time in a motion for reconsideration comes too late, and is ordinarily deemed waived.'"  Sharpe v. United States, 112 Fed. Cl. 468, 473 (2013) (quoting Bluebonnet Sav. Bank, F.S.B. v. United States, 466 F.3d 1349, 1361 (Fed. Cir.

---

[3]  The RCFC generally mirror the Federal Rules of Civil Procedure.  "In the 2002 revision, the court has endeavored to create a set of rules that conforms to the Federal Rules of Civil Procedure as amended through November 30, 2001 . . . . Consistent with this objective, interpretation of the court's rules will be guided by case law and the Advisory Committee Notes that accompany the Federal Rules of Civil Procedure."  RCFC 2002 rules comm. note, at 1.  RCFC 59(e) is identical to Fed. R. Civ. P. 59(e).  Compare RCFC 59(e), with Fed. R. Civ. P. 59(e).  Therefore, the court relies on cases interpreting Fed. R. Civ. P. 59(e) as well as those interpreting RCFC 59(e).

2006)) (applying same test in evaluating Rule 59(a) motion for reconsideration as Rule 59(e) motion to amend judgment).

III. Discussion

The court first considers the requirements of RCFC 59(e), and then briefly considers plaintiff's argument under ANGI 36-101 ¶ 7.5.

      A.     Plaintiff Fails to Satisfy RCFC 59(e) Requirements

Plaintiff is correct in his assertion that "the Court failed to consider the dictates of ANGI 36-101, [¶] 7.5, in reaching its decision." Pl.'s Mot. 1. The court did not consider ANGI 36-101 ¶ 7.5 because plaintiff did not mention ANGI 36-101 ¶ 7.5 in either his amended complaint, ECF No. 7, his motion for judgment on the administrative record, ECF No. 19, or his response to defendant's cross-motion for judgment on the administrative record, ECF No. 24. Plaintiff first presented his argument under ANGI 36-101 ¶ 7.5 in the motion for reconsideration. See Pl.'s Mot. 1.

Considering the bases upon which a Rule 59(e) motion could properly be brought, it is clear that plaintiff's motion must fail. Plaintiff points to no error of law or fact in the Feb. 21, 2014 Opinion. The court's failure to consider a provision in ANGI 36-101 that plaintiff never mentioned is not erroneous. Nor is there error in the Tennessee ANG's issuance of the order correctly stating that Lt. Col. Smith's AGR service ended on July 5, 2010, notwithstanding plaintiff's interest in its revision of that order. Plaintiff presents no new evidence in his motion, only a new argument. Moreover, there has been no change in the intervening law. The law to which plaintiff cites, ANGI 36-101, has been in effect since June 2010, and in July 2013, plaintiff filed a copy of this instruction as an exhibit in this matter. See ECF No. 15-1.

Finally, the court considers whether plaintiff has shown manifest injustice. Previous courts have interpreted a showing of manifest injustice to require a demonstration that

> any injustice is 'apparent to the point of being almost indisputable.' Pac. Gas & Electric Co. v. United States, 74 Fed. Cl. 779, 785 (2006), aff'd in part and rev'd in part on other grounds, 536 F.3d 1282 (Fed. Cir. 2008). In other words, 'manifest' is understood as 'clearly apparent or obvious.' Ammex, Inc. v. United States, 52 Fed. Cl. 555, 557 (2002), aff'd, 384 F.3d 1368 (Fed. Cir. 2004).

Sharpe, 112 Fed. Cl. at 473.

While it is clear that plaintiff regards the outcome of this matter to be an injustice, the natural disappointment of a litigant whose claim has been denied is not sufficient to show manifest injustice that would require amendment or alteration of the judgment entered in this matter.  Plaintiff has made no showing of injustice.

Because plaintiff has failed to satisfy any of the requirements for a motion to alter or amend a judgment under RCFC 59(e), the court DENIES plaintiff's motion.

            B.        ANGI 36-101 ¶ 7.5 Would Provide Plaintiff No Remedy

Solely as a courtesy to Lt. Col. Smith, the court considers ANGI 36-101 ¶ 7.5, as it would have if plaintiff had relied upon this provision in his complaint and motion for judgment on the administrative record.

The court's earlier review of the administrative record clearly showed that Lt. Col. Smith's last position in the AGR, that of unit commander, was a term-limited position that ended in May 2010.  See Smith, 2014 WL 794192, at *6.  The Tennessee ANG then extended his AGR service until the start date of his Naval War College duty in July 2010, during which time Lt. Col. Smith assisted with the transition to the new unit commander.  See id.  Despite plaintiff's wishes to the contrary, the administrative record is clear that Lt. Col. Smith was not a member of the AGR during his Naval War College duty.  See id. at *11.

Even if Lt. Col. Smith had attended the Naval War College as a member of the AGR, which he did not, he makes no argument as to how this would have obligated the Tennessee ANG to provide him with a subsequent AGR position at the conclusion of his Naval War College duty.  Nothing in ANGI 36-101 provides that a member of the AGR "could not be arbitrarily separated from service," as plaintiff claims.  See Pl.'s Mot. 2.  As determined in the court's Feb. 21, 2014 Opinion, no ANGI provision guaranteed a member of the AGR with career status, like Lt. Col. Smith, with continued employment therein.  See Smith, 2014 WL 794192, at *12.

ANGI 36-101 ¶ 7.5 provides plaintiff with no job protection and consideration of this instruction would not have compelled a result other than the one reached in the court's Feb. 21, 2014 Opinion.

IV.     Conclusion

For the reasons set forth above, Plaintiff's Motion to Alter or Amend Judgment is **DENIED**.

IT IS SO ORDERED.

s/ Patricia E. Campbell-Smith  
PATRICIA E. CAMPBELL-SMITH  
Chief Judge